**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **HECTOR DANIEL SUASNAVA BARRERA,**<br><br>**Petitioner,**<br><br>**v.**<br><br>**ICE FIELD OFFICE DIRECTOR NEW JERSEY FIELD OFFICE,**<br><br>**Respondent.** | **Case No. 26–cv–12798–ESK**<br><br>**OPINION AND ORDER** |

**THIS MATTER** is before the Court on petitioner Hector Daniel Suasnava Barrera's second habeas corpus petition filed pursuant to 28 U.S.C. § 2241 (Second Petition). (ECF No. 1.)

1. Petitioner is a noncitizen who has been detained by Immigration and Customs Enforcement (ICE) since March 22, 2026. (ECF No. 1 ¶ 7.) He filed a § 2241 petition challenging that detention on April 22, 2026. *Suasnava Barrera v. Warden, Delaney Hall Detention Facility*, No. 26–cv–04252 (D.N.J. filed Apr. 22, 2026) (First Petition).[1]

2. On May 28, 2026, I concluded that petitioner's detention was governed by 8 U.S.C. § 1226 and ordered respondents to provide him with a bond hearing. (First Petition, ECF No. 21.)

3. Petitioner filed a motion to enforce the judgment on June 26, 2026, asserting that the bond hearing provided to him was fundamentally unfair. (First Petition, ECF No. 22.)

4. I denied the motion on September 28, 2026. (First Petition, ECF No. 28.)

5. Petitioner filed the Second Petition on September 29, 2026. (ECF No. 1.)

6. Respondents assert the Second Petition should be dismissed as an abuse of the writ or as duplicative of the First Petition. (ECF No. 4.)

[1] I take judicial notice of the First Petition proceedings.

7. Under 28 U.S.C. §2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

8. Petitioner was detained within this Court's jurisdiction and by a custodian within this Court's jurisdiction when he filed the Second Petition. Therefore, this Court has habeas jurisdiction over his claims. *Trump v. J. G. G.*, 604 U.S. 670, 672 (2025) (per curiam) (noting jurisdiction for "core habeas petitions" lies in the district of confinement).

9. I decline to dismiss the Second Petition as duplicative or as an abuse of the writ. The First Petition challenged petitioner's initial detention; the Second Petition alleges that petitioner's detention since March 22, 2026 has become unreasonably prolonged. Therefore, the Second Petition raises different claims that could not have been raised in the First Petition.

10. "[T]he creation of statutory rights associated with a given immigration status falls exclusively within the purview of Congress … ." *Osorio-Martinez v. Att'y Gen. United States of Am.*, 893 F.3d 153, 172 (3d Cir. 2018). Section 1226 and its implementing regulations require ICE to "provide detainees with a 'prompt bond hearing.'" *Zheng v. Rokosky*, 826 F. Supp. 3d 545, 554 (D.N.J. 2026) (quoting *Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278 (3d Cir. 2018)).

11. Petitioner had a bond hearing on June 15, 2026 and challenged the fairness of that hearing in the First Petition proceedings. (First Petition, ECF No. 22.)

12. "The Third Circuit recognized the concern that, despite an initial bond hearing, detention under §1226(a) might become unreasonably prolonged and may warrant relief beyond the bond hearing provided by the statute and its implementing regulations." *Chinoso Onuwa v. Field Office Director*, No. 26–cv–02403, 2026 WL 772435, at *2 (D.N.J. Mar. 19, 2026) (cleaned up) (citing *Borbot*, 906 F.3d at 280). However, it declined to decide what those circumstances may be. *Id.*

13. Petitioner has been detained for approximately seven months, but duration alone cannot "sustain a due process challenge by a detainee who has been afforded the process contemplated by §1226(a) and its implementing regulations." *Borbot*, 906 F.3d at 277. "Unlike §1226(c) detainees … who were detained for prolonged periods without being given any opportunity to apply for release on bond, [petitioner] was granted meaningful process prior to filing his habeas petition." *Id.* at 279–80.

14. "Here, petitioner has been detained for significantly less time than the petitioner in *Borbot*, who had been detained for two years before filing his petition. He also had a bond hearing a few months ago. Petitioner's 'relatively brief detention since that date without a bond hearing does not violate his due process rights.'" *Guillen v. Soto*, No. 26–cv–03285, 2026 WL 1005326, at *3 (D.N.J. Apr. 14, 2026) (quoting *Viantsko v. Lowe*, No. 4:26–cv–00563, 2026 WL 963038, at *4 (M.D. Pa. Apr. 9, 2026)).[2]

Accordingly,

**IT IS** on this **23rd** day of **October 2026** **ORDERED** that:

1. The Second Petition at ECF No. 1 is **DENIED**.

2. Any restrictions imposed on petitioner's location by this Court are **LIFTED**.

3. The Clerk shall send petitioner a copy of this opinion and order by regular mail and **CLOSE** this case.

*/s/ Edward S. Kiel*
**EDWARD S. KIEL**
**UNITED STATES DISTRICT JUDGE**

[2] I note that § 1226(a) detainees are entitled to request a custody redetermination from the immigration courts upon a showing of changed circumstances. 8 C.F.R. § 1003.19(e).